UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEREK TERRY, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:13-cv-06156 ) |
| TMX FINANCE LLC, a foreign limited liability company, and TITLEMAX OF ILLINOIS, INC., a foreign corporation, and DOES 1-10, | ) ) ) ) ) |
| Defendant. | ) ) |

## DEFENDANT TMX FINANCE LLC'S MOTION TO DISMISS

Defendant, TMX Finance LLC ("TMX Finance"), by its undersigned counsel, respectfully requests that all claims asserted against it be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). In support of its Motion, TMX Finance states the following:

1. Plaintiff sues his former employer, Defendant TitleMax of Illinois, Inc.,[1] and its parent holding company, TMX Finance LLC, claiming that he was not properly paid overtime compensation under the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law. Plaintiff seeks to bring his FLSA claims as a nationwide opt-in class and to certify his state law claims as a class action under Rule 23.

2. No personal jurisdiction exists over TMX Finance. As the United States Supreme Court held in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154 (1945), assertion of jurisdiction over an out-of-state corporation must comply with "traditional

---

[1] Defendant TitleMax of Illinois, Inc. filed its answer.

notices of fair play and substantial justice." Plaintiff has the burden of proof to establish that this Court has jurisdiction over the parties. *Camasta v. Omaha Steaks International, Inc.*, 2013 U.S. Dist. LEXIS 118475 (N.D. Ill. August 21, 2013), at *5-6; *Acuity v. Roadtec, Inc.*, 2013 U.S. Dist. LEXIS 175855 (N.D. Ill. Dec. 16, 2013), at *6 ("Once the defendant moves to dismiss the complaint under Rule 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction.")

3. Personal jurisdiction comes in two forms: general or all-purpose jurisdiction and specific or case-linked jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2850-2851 (2011). To establish general jurisdiction, Plaintiff must show that TMX Finance had such "continuous and systematic" contacts with the forum state, so as to render TMX Finance essentially at home in Illinois. *Id.* The threshold for general jurisdiction is high and requires contacts that are sufficiently extensive and pervasive to approximate physical presence. *Camasta*, 2013 U.S. Dist. LEXIS 118475 at *7-8.

4. For specific jurisdiction, Plaintiff must establish that TMX Finance purposefully directed its activities at Plaintiff within the forum state and that Plaintiff's claims arose out of those activities within this forum.

5. Plaintiff cannot establish either form of personal jurisdiction. As for the lack of general jurisdiction, TMX Finance, as Plaintiff admits, is incorporated in Delaware with its principal place of business located in Savannah, Georgia. Plaintiff's Second Amended Complaint ("Compl.") at ¶12. Plaintiff further acknowledges that TMX Finance is a separate corporate entity from TitleMax of Illinois, Inc. Most importantly, TMX Finance

is not licensed to do business in Illinois and does not maintain offices or have a registered agent located in Illinois.

6. Indeed, Plaintiff pleads no facts to show that TMX Finance has taken any action in Illinois other than to have a wholly owned subsidiary, Defendant TitleMax of Illinois, Inc., located in the state. Compl. at ¶15. However, the contacts of a corporate affiliate or subsidiary are not imputed to a parent corporation for jurisdictional purposes, unless a plaintiff can show that the affiliate or parent company exerts actual and an unusually high degree of control over the subsidiary or there are grounds for piercing the corporate veil. *Camasta*, 2013 U.S. Dist. LEXIS 118475, at *9-10; *see also Abelesz v. OTP Bank*, 692 F.3d 638, 658-659 (7th Cir. 2012) ("Imputation, however, requires an unusually high degree of control or that the subsidiary's corporate existence is simply a formality."); *Convergence Aviation, Ltd. v. United Techs. Corp.,* 2012 U.S. Dist. LEXIS 26830 (N.D. Ill. Feb. 29, 2012)("intertwined relationships" of executives and officers between parent and subsidiaries were, "on their own, insufficient to show substantial control"). No exception applies in this case where there exists an ordinary parent-subsidiary relationship that observes corporate formalities. *KM Enterprises, Inc. v. Global Trafic Technologies, Inc.*, 725 F.3d 718, 733-734 (7th Cir. 2013). The use of a consolidated website or brand name simply is not enough to show the "high degree of control" necessary to deviate from the general rule. *Id.*; *see also Acuity*, 2013 U.S. Dist. LEXIS 175855, at *19; *Montalbano v. HSN, Inc.*, 2011 U.S. Dist. LEXIS 101071 (N.D. Ill. Sept. 6, 2011). Plaintiff simply has not and cannot show that the actions of TitleMax of Illinois should be imputed to TMX Finance.

7. No specific jurisdiction exists, either. Throughout his Complaint, Plaintiff merely alleges that Defendants are the same. Compl. at ¶19. However, TMX Finance does not operate in Illinois and has no employees. Therefore, TMX Finance could not have directed any action toward Plaintiff in Illinois to subject it to the Court's jurisdiction. Again, the activities of TitleMax of Illinois cannot be imputed to TMX Finance.

WHEREFORE, Defendant TMX Finance LLC respectfully requests that all claims against it be dismissed with prejudice.

Dated: December 31, 2013                    TMX FINANCE LLC and TITLEMAX OF
                                            ILLINOIS, INC.

                                            By:  /s/Jennifer A. Naber
                                                    One of Its Attorneys

Jennifer A. Naber
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)

## CERTIFICATE OF SERVICE

I, Jennifer A. Naber, an attorney, hereby certify that on December 31, 2013, I caused to be served a copy of the foregoing **Defendant TMX Finance LLC's Motion to Dismiss Plaintiff's Second Amended Collective/Class Action Complaint and Jury Demand for Lack of Personal Jurisdiction**, in the above-captioned matter to be filed with the Clerk of the District Court and served on the parties of record, including those listed below, by operation of the Court's CM/ECF electronic filing system, addressed to:

> Matthew L. Turner
> Jesse L. Young
> Sommers Schwartz, P.C.
> 1 Towne Square, Suite 1700
> Southfield, MI 48076
> mturner@sommerspc.com
> jyoung@sommerspc.com
>
> Timothy J. Becker
> Johnson Becker, PLLC
> 33 South Sixth Street, Suite 4530
> Minneapolis, MN 55402
> tbecker@johnsonbecker.com
>
> Peter J. Flowers
> Meyers & Flowers, L.L.C.
> 225 West Wacker Drive, Suite 1515
> Chicago, IL 60606
> pjf@meyers-flowers.com

        /s/Jennifer A. Naber
        Jennifer A. Naber

4815-1788-2903, v. 1